UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN E. SANDLES,

    Petitioner,                                     Case No. 11-CV-11777

v.

                                                   HON. AVERN COHN

PHILLIP MILLER,

    Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 5)**
**AND**
**DENYING PETITIONER'S MOTION FOR CLARIFICATION (Doc. 6)**

I.

This is a case under 28 U.S.C. § 2241 in which Petitioner challenges the validity of his bank robbery conviction. The Court dismissed the petition on May 3, 2011. Doc. 3. Before the Court are Petitioner's motion for reconsideration (Doc. 5) and a motion for clarification. Doc. 6. For the reasons that follow, the motions will be denied.

II.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. Czajkowski v. Tindall & Associates, P.C., 967 F.Supp. 951, 952 (E.D.Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious,

clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F.Supp. 426, 427 (E.D. Mich. 1997).

III.

A.

In both motions, Petitioner asserts that the Court incorrectly stated that he is still a federal prisoner and that the appeal from the denial of his § 2255 petition is still pending in the Sixth Circuit. Petitioner is mistaken. The Court acknowledged that Petitioner has been released from prison and that on March 24, 2011, his appeal was dismissed. Thus, reconsideration or clarification is not warranted on this ground.

B.

Petitioner's primary contention, however, is that the Court failed to consider his claim that § 2255 violates the Suspension Clause and that he does not have an adequate remedy under that section. As explained below, this argument lacks merit.

As an initial matter, Petitioner has raised several post-conviction challenges, all of which have been denied. On October 22, 2008, Petitioner filed a motion to vacate under § 2255, raising jurisdictional and other claims. The district court denied the motion. Petitioner appealed. Sandles v. United States, No. 09-1773.

Then, on November 20, 2009, while his § 2255 appeal was pending, Petitioner filed his first petition under § 2241. Sandles v. Miller, 09-14547. That case was assigned to the undersigned. On December 8, 2009, the Court summarily dismissed the petition because he had not shown that his § 2255 proceeding was an inadequate or ineffective means of testing the legality of his detention. Petitioner appealed the dismissal. The Sixth Circuit affirmed. Sandles v. Miller, No. 10-1023 (Sept. 23, 2010).

Finally, on April 22, 2011, Petitioner filed a second § 2241 petition, which is the case before the Court. As noted above, the Court summarily dismissed the petition on May 3, 2011, again because Petitioner had not shown his § 2255 remedy was inadequate.

Meanwhile, the Sixth Circuit affirmed the denial of Petitioner's § 2255 petition. <u>Sandles v. United States</u>, No. 09-1773, order filed March 24, 2011. Petitioner filed a petition for rehearing, which remains pending.

As to Petitioner's challenge, section 2255 does not violate the Suspension Clause because it contains a safety valve in the last clause of the fifth paragraph, stating a federal prisoner may bring a claim under § 2241 challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901, n. 19 (5th Cir. Tex. 2001).

Petitioner still has not shown that his ability to seek a remedy under § 2255 is inadequate or ineffective. To the contrary, Petitioner has pursued § 2255 relief. The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner may be denied permission to file a second or successive motion to vacate sentence. <u>Charles v. Chandler</u>, 180 F. 3d 753, 756 (6th Cir. 1999). To date, no federal court has permitted a petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate. <u>Id.</u>, 180 F. 3d at 757. Petitioner has not attempted to establish his actual innocence. Accordingly, Petitioner is not entitled to

reconsideration on this ground. Accordingly, Petitioner is not entitled to reconsideration on this ground.

## IV.

For the reasons stated above, Petitioner's motions are DENIED.

SO ORDERED.

Dated: July 13, 2011      S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to John Sandles 086-22367, 7266 Winthrop, Detroit, MI 48214 on this date, July 13, 2011, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager, (313) 234-5160